IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-64-D

HERBERT OVERTON, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
MARY ELLA SMITH JOHNSON, et al., )
)
        Defendants. )

    On February 13, 2015, Herbert Overton ("plaintiff" or "Overton") filed a pro se complaint [D.E. 1]. Overton seeks leave to proceed in forma pauperis [D.E. 2], requests a change of counsel in his civil commitment case [D.E. 5], and seeks entry of default against defendant Johnson [D.E. 6–8]. As explained below, the court grants the motion to proceed in forma pauperis, denies the motion for entry of default, and dismisses the complaint.

    In reviewing an in forma pauperis action, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

    The standard used to evaluate the sufficiency of a pleading is flexible, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Additionally, the court has "an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Overton is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. Order, United States v. Overton, No. 5:11-HC-2183-BR (E.D.N.C. Dec. 5, 2011), [D.E. 9], aff'd, United States v. Overton, 475 F. App'x 844 (4th Cir. 2012) (per curiam) (unpublished). Overton is confined at the Federal Medical Center in Butner, North Carolina, as a result of his commitment. See Compl. [D.E. 1] 1. Overton names as defendants Mary Ella Smith Johnson and the United States Veterans Administration. Id. 1–2. Overton alleges that Johnson is his Veterans Administration benefits payee and has misappropriated his benefits, causing him to be homeless. Id. 2. Overton further alleges that Johnson and the Veterans Administration have not "given plaintiff written notice of the status of his veterans benefits even after plaintiff has requested such status in writing." Id. 3. Overton seeks compensatory and punitive damages, and the removal of Johnson as payee. Id. 4–5.

Another court in this district has thoroughly examined a complaint similar to Overton's and concluded that federal district courts lack jurisdiction over such claims. See Judkins v. Veterans Admin., 415 F. Supp. 2d 613, 616–20 (E.D.N.C. 2005). This court cannot add to Judkins's analysis,

2

and dismisses Overton's claims concerning his veterans benefits for lack of subject-matter jurisdiction. To the extent Overton seeks Johnson's criminal prosecution for mail fraud, see Compl. 3–4, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136–37 (1986); see Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, the court dismisses the claim.

As for Overton's motion for entry of default, the motion is premature. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant is not required to answer until after the defendant has been served with the summons and complaint. See Fed. R. Civ. P. 12(a). Because defendants have not been served with the summons and complaint, no answer is due. Therefore, the court denies the motion. As for Overton's request for change of court-appointed counsel, the court directs the clerk to file the request as a motion in Overton's civil commitment case.

In sum, the court GRANTS plaintiff's application to proceed in forma pauperis [D.E. 2], DENIES his motion for entry of default [D.E. 6], and DISMISSES plaintiff's complaint. The court DIRECTS the clerk to file plaintiff's request for change of court-appointed counsel [D.E. 5] as a motion in his civil commitment case.

SO ORDERED. This 12 day of May 2015.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:15-cv-00064-D   Document 9   Filed 05/12/15   Page 3 of 3